IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAN M. BLASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-003311-CV-S-JTM |
| | ) | |
| THE CITY OF NEOSHO, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In May of 2006, plaintiff Jan M. Blase ("Blase") was appointed as the City Manager of the City of Neosho, Missouri ("Neosho"), the defendant herein. On August 21, 2007, Blase and Neosho entered in a formal, written EMPLOYMENT AGREEMENT. On January 25, 2010, the City Council for Neosho passed a resolution "institut[ing] removal proceedings" for Blase. The resolution charged that Blase:

(1) had committed malfeasance in taking funds that had been received by Neosho for the dedicated purpose of aircraft hangar construction and instead using such funds to pay general city obligations and payroll;

(2) had failed to adequately communicate with the City Council; and

(3) had failed to notify the City Council that revenues available to the city would be insufficient to meet the amount budgeted.

The action was initiated by the City Council pursuant to the NEOSHO CITY CODE § 3.04 which provided a mechanism for the City Council to "state the reasons for removal" of the City Manager. Pursuant to that section of the NEOSHO CITY CODE, Blase requested a hearing. Following that hearing, the City Council passed a Final Resolution terminating Blase's employment as City Manager on February 22, 2010.

1

Subsequent to his dismissal, Blase was charged with violating MO. REV. STAT. § 576.040. That statute defines the offense of "Official Misconduct," and provides that:

> A public servant, in his public capacity or under color of his office or employment, commits the crime of official misconduct if:
>
> . . .
>
> (4) He is a city or county treasurer, city or county clerk, or other municipal or county officer, or judge of a municipal or county commission, and knowingly orders the payment of any money, or draws any warrant, or pays over any money for any purpose other than the specific purpose for which the same was assessed, levied and collected, unless it is or shall have become impossible to use such money for that specific purpose;

MO. REV. STAT. § 576.040.1(4). On December 9, 2010, Blase plead guilty to a class A misdemeanor and was fined. *State of Missouri v. Jan Blase*, Case No. 10NW-CR00161 (Mo. Cir. Ct. [Newton Cty.]).

Subsequently, Blase filed the present action against Neosho. The sole remaining[1] issue in this case is Blase's allegation that Neosho breached the EMPLOYMENT AGREEMENT by failing to provide Blase with (1) nine months of salary as severance pay, and (2) twelve months of health insurance benefits to Blase and his dependents. Presently pending before the Court is the motion for summary judgment filed by Neosho. As set out herein, the motion is granted in part and denied in part.

The parties are in seeming agreement that the EMPLOYMENT AGREEMENT is governed by Missouri contract law. To that end, a mere dispute as to the meaning of contractual terms does not necessarily render summary judgment inappropriate, inasmuch as the interpretation of a

---

[1] In a prior ORDER, the Court granted Neosho's motion for summary judgment on four other causes of action brought by Blase against Neosho and the individual City Council members [Doc. 38].

contract is a question of law. *Wentzville Park associates, L.P. v. American Casualty Insurance Co. of Reading, Pa.*, 263 S.W.3d 736, 739 (Mo. App. [E.D.] 2008). Put alternatively:

> Under Missouri law, summary judgment is appropriate [in a contract case] where the language of the contract is clear and unambiguous such that "the meaning of the portion of the contract in issue is so apparent that it may be determined from the four corners of the document."

*Family Snacks of North Carolina, Inc. v. Prepared Products Co., Inc.*, 295 F.3d 864, 867 (8th Cir. 2002) (*quoting*, *in part*, *Missouri Consolidated Health Care Plan v. BlueCross BlueShield of Missouri*, 985 S.W.2d 903, 908 (Mo. App. [W.D.] 1999). *See also Shaw Hofstra & Associates v. Ladco Development, Inc.*, 673 F.3d 819, 825 (8th Cir. 2012) (under Missouri law, the "[i]nterpretation of a contract is a jury question only when the court determines that the contract is ambiguous and that there exists a genuine factual dispute regarding the intent of the parties").

The source for both Blase's claim for an entitlement to post-termination benefits and Neosho's contention that such benefits are not owed is one particular paragraph of the EMPLOYMENT AGREEMENT which provides:

> In the event Employee is terminated without cause by the Council before the expiration of the aforesaid term of employment and during such time that Employee is willing and able to perform the duties of City Manager, then in that event, the City agrees to pay Employee a lump sum cash payment equal to nine (9) months aggregate salary; provided, however, that in the event Employee is terminated because of his conviction of any illegal act involving personal gain to him, in that event, [the] City shall have no obligation to pay the aggregate severance sum designated in this paragraph. In addition to the nine months [of] severance pay, the City agrees to the payment of twelve (12) months of health insurance for the Employee and his dependents if [the] City terminates the Employee.

In examining the subject provision of the EMPLOYMENT AGREEMENT, the Court finds the language – albeit somewhat clunky – to be unambiguous when the words are given their natural,

3

ordinary, and common-sense meanings (and when the language is read so that coherent meaning may be given to all of the language employed).

As determined by the Court, the "severance package" provision of the EMPLOYMENT AGREEMENT includes three benchmarks relevant to the case:

(1)  if, and only if, Neosho terminated Blase without cause, then the City would owe Blase nine months of salary;

(2)  if Neosho terminated Blase – either with cause or without cause[2] – then the City would owe Blase twelve months of health insurance for the Employee and his dependents; and

(3)  if Neosho terminated Blase "because of his conviction of any illegal act involving personal gain to him," then the City would owe Blase neither[3] nine months of salary nor twelve months of health insurance for the Employee and his dependents.

Applying the EMPLOYMENT AGREEMENT provision to Blase's claims, the Court concludes that Neosho's motion for summary judgment must be granted in part and denied in part.

With regard to Blase's entitlement to any "salary" post-termination benefit, the sole question is whether Blase was terminated "without cause." While the phrase is not defined in the EMPLOYMENT AGREEMENT, the phrase has a natural, ordinary and common-sense meaning. To be fired "without cause" means that an employer gave no reason or justification for the termination. *Compare* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 217 (1988) ("cause" is

---

[2]  The critical language in the EMPLOYMENT AGREEMENT is that when, addressing the "health insurance" post-termination benefit, the only requirement is that the "City terminates the Employee." The type of termination is not delineated. By contrast, the "salary" post-termination benefit language in the EMPLOYMENT AGREEMENT specifically is triggered only when the "Employee is terminated without cause by the Council."

[3]  Again the language in the EMPLOYMENT AGREEMENT is critical. When an employee is terminated "because of his conviction of any illegal act involving personal gain to him," then the "City shall have no obligation to pay the aggregate severance sum <u>designated in this paragraph</u>." The reference to sums potentially owed under the "paragraph" must (to make sense) refer to both the "health insurance" post-termination benefit and the "salary" post-termination benefit.

4

defined as "a reason for an action"); BLACK'S LAW DICTIONARY 580 (9th ed. 2009) ("for cause" is defined as "For a legal reason or ground; the phrase expresses a common standard governing the removal of a civil servant or an employee under contract"). In this case, Neosho has established, as a matter of law for purposes of summary judgment, that it terminated Blase with cause.[4]

With regard to Blase's entitlement to the "health insurance" post-termination benefits, however, the city has not established an entitlement to summary judgment. With regard to such a benefit, the EMPLOYMENT AGREEMENT only requires that the "City terminate[d] the Employee." Neosho undoubtedly terminated Blase. As such, Neosho presumptively owed Blase twelve months of health insurance to him and his dependents.

Neosho argues that Blase's conviction for "Official Misconduct" relieves it of any burden to provide Blase with any post-termination benefits. Blase counters that he pled guilty to "Official Misconduct" but that his crime did not constitute an "illegal act involving personal gain to him" as required by the language of the EMPLOYMENT AGREEMENT. Blase may be correct, but ultimately it does not matter. The EMPLOYMENT AGREEMENT bars all post-termination benefits only when the city terminates an employee "<u>because</u> of his conviction of any illegal act involving personal gain to him." In this case, Blase's termination occurred on February 22, 2010. Blase's conviction occurred more than nine months later, on December 9, 2010, making it impossible for the conviction to be the cause of the termination.

For the foregoing reasons, it is

---

[4] For purposes of the EMPLOYMENT AGREEMENT, the nature of the "cause" is unimportant. If Neosho had terminated Blase for an improper cause, he might have a cause of action for employment discrimination, but he still would not have an action for breach. It should also be remembered that Blase was an at-will employee who could have been terminated for no cause.

5

**ORDERED** that the defendant, City of Neosho's MOTION FOR SUMMARY JUDGMENT, filed August 21, 2012 is **GRANTED IN PART AND DENIED IN PART**. Accordingly, summary judgment is entered in favor of defendant City of Neosho on the issue of salary post-termination benefits, but in favor of plaintiff Jan M. Blase on the issue of health insurance post-termination benefits.

                                           */s/ John T. Maughmer*
                                              **John T. Maughmer**
                                     **United States Magistrate Judge**